CHARLES L. THOMPSON, IV, CA Bar No. 139927
charles.thompson@ogletree.com
J.P. SCHREIBER, CA Bar No. 317829
john.schreiber@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:     415-442-4810
Facsimile:     415-442-4870

Attorneys for Defendant
SIGNAL PERFECTION, LTD.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK SAITTA, an individual, | Case No. |
| Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441(B)** |
| v. | |
| SIGNAL PERFECTION, LTD., a Florida Corporation; and DOES 1 through 20, inclusive, | Complaint Filed:  July 14, 2020 |
| Defendant. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF FRANK SAITTA AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Signal Perfection, Ltd. ("Defendant") hereby removes the above-captioned action filed by Plaintiff Frank Saitta ("Plaintiff") from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332 and 1441.  Defendant does so on the grounds that: (1) there is complete diversity of citizenship between Plaintiff, a citizen of the state of California, and Defendant, a citizen of the states of Maryland and Florida; and (2) the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in 28 U.S.C. § 1332(a).  The foregoing facts were true at the time of filing of the Complaint in this matter and remain true as of the date of the filing of this Notice of Removal ("Notice").  Removal jurisdiction is therefore appropriate as detailed more fully below.

I.   **THE STATE COURT ACTION**

1.   On July 14, 2020, Plaintiff commenced this action by filing a Complaint in the Superior Court of California, County of Alameda, entitled *Frank Saitta v. Signal Perfection, Ltd.*, and bearing the Case No. HG20067619 ("Complaint").  The Complaint purports to assert nine causes of action against Defendant: (1) Failure to Reinstate in Violation of the California Family Rights Act ("CFRA"); (2) Discrimination in Violation of the CFRA; (3) Retaliation in Violation of the CFRA; (4) Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (5) Failure to Engage in a Good Faith Interactive Process in Violation of the FEHA; (6) Failure to Provide Reasonable Accommodation in Violation of the FEHA; (7) Retaliation in Violation of the FEHA; (8) Failure to Prevent Discrimination and Retaliation in Violation of the FEHA; and (9) Wrongful Termination in Violation of Public Policy.

2.   On or about July 23, 2020, Plaintiff personally served Defendant with Plaintiff's Summons and Complaint.  (Declaration of Charles L. Thompson ["Thompson Decl."] ¶ 2.)  True and correct copies of the Summons, Complaint, Civil Cover Sheet, and Notice of Service are attached to this Notice as **Exhibit A**.

3.      On August 19, 2020, Defendant timely served and filed its Answer to Plaintiff's Complaint in the Superior Court of California, County of Alameda.  (Thompson Decl. ¶ 3.)  A true and correct copy of Defendant's Answer to the Complaint is attached to this Notice as **Exhibit B**.

## II.      INTRADISTRICT ASSIGNMENT

4.      Pursuant to Civil Local Rule 3-2(d), this matter shall be assigned to the San Francisco or the Oakland Division, given that the acts or omissions alleged by Plaintiff against Defendant "occurred in Alameda County, California."  (*See* Compl. ¶ 4.)

## III.     DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL PURSUANT TO 28 U.S.C. § 1446

5.      On or about July 23, 2020, Plaintiff personally served Defendant with Plaintiff's Summons and Complaint.  (**Exh. A**.)  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within 30 days of Plaintiff's service of the Summons and Complaint.[1]

6.      To date, Defendant has not received any document other than those included in **Exhibits A through B** which would constitute an "other pleading, motion, order or other paper" within the meaning of 28 U.S.C. § 1446(b).  (Thompson Decl. ¶ 4.)

7.      In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Alameda County Superior Court.  (Thompson Decl. ¶ 5.) Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

8.      In accordance with 28 U.S.C. § 1446(a), this Notice is filed in the District Court of the United States in which the action is pending.  The Superior Court of California, Alameda County is located within the Northern District of California.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(a) because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

//

//

---

[1]   The 30-day period in which Defendant may remove pursuant to 28 U.S.C. § 1446(b) would have ended on Saturday, August 22, 2020, but it extends to Monday, August 24, 2020 – the following day that is not a Saturday, Sunday, or legal holiday – pursuant to Fed. R. Civ. P. 6(a)(1)(C).

## IV.     BASIS FOR REMOVAL

9.     The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and Defendant may remove it to this Court pursuant to 28 U.S.C. § 1441.  This case is between citizens of different states, and the amount in controversy exceeds $75,000.

### A.     The Diversity of Citizenship Requirement Is Established.

10.     For purposes of diversity, an individual is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

11.     Plaintiff alleges that at all relevant times he resided in El Dorado, California, and worked in Alameda County, California.  (Complaint ¶¶ 1, 4.)  Accordingly, Defendant alleges that Plaintiff is, and was at the time he filed this action, domiciled in and a citizen of the State of California for purposes of this removal.  Defendant alleges Plaintiff is not a citizen of Maryland or Florida.

12.     Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court has established that a corporation's principal place of business for purposes of diversity jurisdiction "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *The Hertz Corporation v. Friend*, 130 S. Ct. 1181, 1184 (2010).  The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination."  *Id*.

13.     Defendant Signal Perfection, Ltd. is, and at all times relevant to this action was, incorporated in the state of Maryland.  (Declaration of Mark Tone ["Tone Decl."] ¶ 4.)  Further, Defendant's headquarters – which is its center of direction, control, and coordination – is in the state of Florida.  (*Id*. at ¶ 5.)  Defendant's Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer are all based in Defendant's headquarters in Tampa, Florida, where they are responsible for the direction, control, and coordination of Defendant.  (*Id*. at ¶ 5.)

14.     Accordingly, for the purposes of federal diversity jurisdiction, Defendant is a citizen of the states of Maryland and Florida, and not of the state of California.

15.     For the purposes of removal, courts disregard the citizenship of fictitiously named "doe" defendants.  28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.".)

16.     Here, complete diversity of citizenship exists between Plaintiff and Defendant.

**B.     <u>The Amount in Controversy Requirement Is Satisfied.</u>**

17.      Based on Plaintiff's allegations in his Complaint, the amount in controversy exceeds the sum or value of $75,000, excluding interest and costs.  The Complaint does not allege a damage amount as to Plaintiff's claims.  Nevertheless, removal is proper because, based on Plaintiff's allegations in his Complaint, it is more likely than not that the damages sought in connection to Plaintiff's claims exceed $75,000.  *See Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 400-404 (9th Cir. 1996) (removing defendant meets this burden if it establishes that it is "more likely than not" that the amount in controversy exceeds $75,000; *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  Once Defendant shows that the amount in controversy exceeds the jurisdictional amount, removal is presumed proper, unless Plaintiff shows that it is "legally certain" that his recovery will not exceed the amount stated.  *White v. FCI USA, Inc*., 319 F.3d 672, 674 (5th Cir. 2003).

18.     In determining whether the jurisdictional minimum is met, this Court must consider all recoverable damages, including damages for emotional distress, punitive damages, and attorney's fees.  *See Kroske v. US Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp*, 261, F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).  These damages include those "that can reasonably be anticipated at the time of removal, not merely those already incurred."  *Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); *see also Celestino v. Renal Advantage Inc.*, No. C06-07788 JSW, 2007 WL 1223699 at *3-*4 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up

to the time of removal, but also a reasonable assessment of damages **likely to be accrued after the time of removal**") (emphasis added).  Further, while a court may not consider speculative facts baldly reciting damages in excess of the jurisdictional minimum, the Court may properly rely on the facts presented in the complaint, notice of removal, and any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F. 3d 1089, 1090-91 (9th Cir. 2003); 28 U.S.C. § 1332(a); *Gaus v. Miles, Inc.*, 980 F. 2d 564, 566-67 (9th Cir. 1992).

19.     In determining whether the amount in controversy exceeds $75,000, it must be presumed that the plaintiff will prevail on each and every one of his claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), *citing, Burns v. Windsor Ins. Co.* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").  This Court may properly consider the argument and facts set forth in this Notice in determining whether the jurisdictional amount in controversy is satisfied.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843 n.1 (9th Cir. 2002), *citing, Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969).

20.     In the Complaint, Plaintiff seeks damages including loss of past and future earnings and other benefits, emotional distress damages, medical and incidental expenses, punitive damages, attorneys' fees and costs of suit, and all "other relief the Court deems just and proper."  (*See* Compl. at ¶¶ 27-30, 39-42, 51-54, 62-65, 73-76, 84-87, 96-99. 108-111, 120-123, and Prayer for Relief at 20:4-14.)

21.     Plaintiff specifically alleges he has suffered and continues to suffer substantial losses in earnings, employment benefits, and employment opportunities.  (*Id.*)

22.     Plaintiff also makes a claim for emotional distress damages by specifically alleging that Defendant's alleged actions caused Plaintiff to suffer "great mental pain and suffering" due to being "psychologically injured" by Defendant's purported conduct. (*Id.* at ¶¶ 28, 40, 52, 63, 74, 85, 97, 109, 121.)

23.     Based on a conservative good-faith estimate of the value of the claims in this action, if Plaintiff prevails on each of his causes of action and recovers the damages that he seeks for each claim, it is "more likely than not" that Plaintiff will recover more than $75,000 for unpaid and lost wages and related employment benefits, emotional distress damages, attorneys' fees, and punitive damages.[2]  *See Sanchez, supra*, 102 F.3d at 403-404.  Specifically, Defendant estimates the amount as follows:

a.     <u>Wages</u>

24.     Plaintiff alleges Defendant terminated his employment on or about March 23, 2020. (*See* Compl. at ¶ 18.)  Plaintiff's Complaint alleges that at the time of his termination of employment with Defendant, Plaintiff earned approximately $80,900 per year, plus benefits.  (*Id.* at ¶ 11.)  Between Plaintiff's May 23, 2020 and the date of this removal, Plaintiff has already accrued roughly $33,246.58 in lost wages.  By the time this case is resolved at trial, likely no earlier than August 2021, Plaintiff's lost wages alone will easily exceed $75,000.

25.     In addition, Plaintiff's lost future earnings must be added to the above-referenced amount of lost wages for Plaintiff – including prospects for advancement to higher-paying positions, and the value of employee benefits which Defendant provided to Plaintiff and which he would have been entitled to receive, had he remained employed.

26.     Several courts have found that the jurisdictional minimum is satisfied in employment lawsuits with similar known damages at the time of removal.  In *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, (N.D. Cal. 2002), the court found that the employer had met its burden to establish the amount in controversy by the preponderance of the evidence where the plaintiff's wage loss from termination until the time of removal was $25,600 and the plaintiff sought unspecific amounts in attorney's fees, punitive damages and emotional distress damages. *Id.* at 1031.  Similarly, in *White v. FCI USA, Inc.*, 319 F.3d 672 (5th Cir. 2003) the court found that at least $75,000 was in controversy, even though plaintiff had only allegedly suffered $13,000 in

[2]  By estimating the amounts Plaintiff may recover if he prevails, Defendant does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all.  Defendant reserves the right to dispute Plaintiff's claims with respect to both liability and damages.

damages from lost income at the time of removal, because the plaintiff alleged a "lengthy list of compensatory and punitive damages" – including loss of pay, impaired earning capacity, and emotional distress – combined with a claim for attorneys' fees and punitive damages.  *Id.* at 675-76.

### b.   Emotional Distress

27.     Plaintiff also specified in the Complaint that he suffered emotional distress, the damages of which are properly considered in calculating the amount in controversy.  *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).  Plaintiff makes a claim for emotional distress damages by specifically alleging that he suffered "great mental pain and suffering" due to being "psychologically injured" by Defendant's purported conduct. (*See* Compl. ¶¶ 28, 40, 52, 63, 74, 85, 97, 109, 121.)

28.     While Plaintiff does not state a specific amount of damages for emotional distress, "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial."  *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of amount in controversy).  Emotional distress damages can indeed be substantial.  *See Campbell v. Nat. Passenger R.R. Corp.*, 2009 WL 692094 (N.D. Cal. 2009) (awarding $120,000 in non-economic damages in a retaliation/wrongful termination case).  Though Defendant denies any liability for emotional distress damages, the potential high award illustrates that the amount in controversy in this case exceeds $75,000.

### c.   Punitive Damages

29.     Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n.*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994).  Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail, the punitive damages alone could well exceed the $75,000 jurisdictional minimum.  Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount.  *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship*, 20 F.3d 383,

386-387 (10th Cir. 1994).

    d. <u>Attorneys' Fees</u>

  30. Moreover, Plaintiff will be entitled to recover attorney's fees if he prevails, and thus the amount of those fees is properly considered when determining whether the amount in controversy meets the jurisdictional threshold. *Galt G/S v. JSS Scandinavia*, 142 F.3d at 1155-56 (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract). As noted in *Simmons*, attorneys' fees in employment cases often exceed the damages awarded. *Simmons*, 209 F. Supp. 2d at 1034-35. In employment cases such as the one at issue here, attorneys' fee awards alone normally eclipse the $75,000 amount in controversy requirement for diversity jurisdiction. *See Simmons*, 209 F.Supp.2d at 1035 ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages."). Thus, these damages alone can exceed the jurisdictional minimum. *See Flannery v. Prentic*e, 26 Cal.4th 572, 576 (2001) (noting that the trial court awarded "$891,042 in fees and expenses for the underlying case and $80,642 in fees and expenses for fee work" in a FEHA case); *Equal Emp't Opportunity Comm'n v. Albion River Inn Inc.*, No. 06CV05356 (SI), 2008 WL 928368 (N.D. Cal. Feb. 27, 2008) (awarding $75,000 in attorneys' fees in a single-plaintiff case that included a claim for wrongful termination.)

  31. Given that Plaintiff seeks *all* of the above items of damages, it is apparent that, if Plaintiff is successful on all claims he has asserted, the potential recovery for Plaintiff easily exceeds the jurisdictional minimum of $75,000. Accordingly, it is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction. *See Sanchez*, 102 F.3d at 403-04.

## V. <u>CONCLUSION</u>

  32. Based on the foregoing, this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(b). Plaintiff and Defendant are not citizens of the same state. In addition, Plaintiff's claims place more than $75,000 in controversy. Thus, removal to federal court is proper.

\\

33.     If this Court has a question regarding the propriety of this Notice of Removal, Defendant respectfully requests that the Court issue an Order to Show Cause, so Defendant may submit a more detailed brief and/or explanation outlining the bases for removal.

DATED:  August 24, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  */s/ Charles L. Thompson, IV*
CHARLES L. THOMPSON, IV
J.P. SCHREIBER

Attorneys for Defendant
SIGNAL PERFECTION, LTD.

43982474.1

Case No.
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441(B)