# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SIGNAL PERFECTION, LTD., a Florida Corporation, and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FRANK SAITTA, an individual.

ENDORSED
FILED
ALAMEDA COUNTY

JUL 1 4 2020

CLERK OF THE SUPERIOR COURT
By Alex R. Kosenko Jr. Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Hayward Hall of Justice<br>24405 Amador Street<br>Hayward, CA 94544 | CASE NUMBER:<br>*(Número del Caso):* RG 2 0 0 6 7 6 1 9 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edgar Manukyan, Esq., 520 E. Wilson Ave. Suite 200, Glendale, CA; Phone: 818.559.4444

| DATE: 07/10/2020 JUL 1 4 2020<br>*(Fecha)* | Chad Finke | Clerk, by<br>*(Secretario)* ALEX KOSENKO JR. | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Signal Perfection, Ltd., a Florida Corporation**

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Edgar Manukyan, Esq.<br>MANUKYAN LAW FIRM, APC.<br>520 E. Wilson Ave. Suite 200<br>Glendale, CA 91206<br>TELEPHONE NO.: 818.559.4444   FAX NO.: 818.746.4420<br>ATTORNEY FOR *(Name):* Frank Saitta | FOR COURT USE ONLY<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>JUL 1 4 2020<br><br>CLERK OF THE SUPERIOR COURT<br>By Alex R. Kosenko Jr, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
Frank Saitta v. Signal Perfection, Ltd.

| CIVIL CASE COVER SHEET<br>[✓] Unlimited    [ ] Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>HG20067619<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | **Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02) | **Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21) |
| **Employment**<br>[✓] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Other judicial review (39) | [ ] Other petition *(not specified above)* (43) |

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel       e. [ ] Coordination with related actions pending in one or more courts
         issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 07/10/2020
Edgar Manukyan, Esq.                              ▶ E. m____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

1   Edgar Manukyan, Esq. (SBN 314606)
2   **MANUKYAN LAW FIRM, APC.**
    520 E. Wilson Ave. Suite 200
3   Glendale, CA 91206
    Tel.: 818.559.4444
4   Fax: 888.746.4420
    Email: edgar@manukyanlawfirm.com
5
6   Attorneys for Plaintiff,
    FRANK SAITTA
7

ENDORSED
FILED
ALAMEDA COUNTY
JUL 1 4 2020

CLERK OF THE SUPERIOR COURT
By Alex R. Kosenko Jr. Deputy

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF ALAMEDA**
10

11   FRANK SAITTA, an individual,

12              Plaintiff,

13
         vs.
14

15   SIGNAL PERFECTION, LTD., a Florida
16   Corporation, and DOES 1 through 20,
     Inclusive
17

18              Defendants.

19

20

21

22

23

24

25

26

27

28

CASE NO.: **HG 2 0 0 6 7 6 1 9**

**COMPLAINT FOR DAMAGES**

1. **FAILURE TO REINSTATE IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT**
2. **DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT**
3. **RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACTS**
4. **DISABILITY DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
5. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
6. **FAILURE TO PROVIDE REASONABLE ACCOMODATIONS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
7. **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

8. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
9. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**DEMAND OVER $25,000**

**DEMAND FOR JURY TRIAL**

FRANK SAITTA ("Plaintiff") is informed and believes, and alleges thereon, the following:

**PARTIES, VENUE, AND JURISDICTION**

1.    Plaintiff, at all times relevant to this action, resided in El Dorado, California.

2.    Plaintiff is informed and believes, and thereon alleges that SIGNAL PERFECTION, LTD., ("Defendant") is a Florida Corporation with its principal place of business in Alameda County, California.

3.    Plaintiff is informed and believes, and thereon alleges that Defendant is a leading digital workplace collaboration solutions provider.

4.    The unlawful acts pleaded herein occurred in Alameda County, California.

5.    Venue is proper in Alameda County pursuant to California Government Code § 12965.

6.    Plaintiff is unaware of the true names and capacities of DOES 1 through 20, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

7.    At all times relevant to this action, each of the fictitiously named defendants was an employee, agent, servant, partner, member, shareholder, officer, director, co-conspirator, or alter ego of Defendant, and was acting within the course and scope of such agency or employment.

//

//

2
COMPLAINT FOR DAMAGES

8.      Each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and such defendants directly and proximately caused Plaintiff's injuries as herein alleged.

9.      Pursuant to CAL. GOV'T CODE §§12960, et seq., Plaintiff filed a charge against Defendant with the California Department of Fair Employment and Housing ("DFEH") on June 8, 2020, less than one year from the date of most recent actionable offense. On June 8, 2020, Plaintiff received a Notice of Case Closure and Right to Sue Letter from the DFEH.

## FACTUAL ALLEGATIONS

10.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

11.     Plaintiff began working for Defendants in or about January 7, 2015 as sales account manager in Defendant's San Francisco/Pleasanton location. Throughout Plaintiff's employment Plaintiff worked to the satisfaction of Defendant as evidenced by his positive performance reviews from management. Plaintiff's salary when he was hired in 2015 was $70,000 a year. At the conclusion of his employment, Plaintiff was paid approximately $80,900 a year. Plaintiff's benefits included medical insurance with dental and vision, 401k contributions, a Health Savings Account, LTD Buy Up, and a car allowance of $200.00 biweekly.

12.     On or about August 22, 2019, Plaintiff visited Dr. Baquero at the University of California, Davis Medical Center ("MEDICAL CENTER") for pain he suffered in his neck and shoulder. Dr. Baquero diagnosed Plaintiff with rotator cuff syndrome of his right shoulder.

13.     On or about October 2019, Plaintiff's pain in his shoulder and neck continued due to sitting in front of the computer display every day at work. On or about October 8, 2019, spine specialist Dr. Van Den Bogaerde conducted an MRI of Plaintiff's spine. The MRI results concluded that there was a mild continued flattening of the normal cervical lordosis on Plaintiff's spine, and there were anterior body spurs seen at different locations on the spine with slight progressive spurring.

//

1    14.    On or about November 1, 2019, Plaintiff began physical therapy at the medical

2 center per Dr. Van Den Bogaerde. On or about December 2019, Plaintiff was out sick from work

3 with potential COVID-19 symptoms.

4    15.    On or about February 3, 2020, Dr. Van Den Bogaerde injected medication into

5 Plaintiff's right shoulder. This addressed Plaintiff's shoulder pain but not his neck pain. Plaintiff

6 was referred to Dr. Chris Sterling Shin, MD. On or about February 13, 2020, Dr. Shin addressed

7 Plaintiff's discogenic cervical pain, herniation of intervertebral disc at C4-C5, myofascial pain,

8 upper thoracic spine, and central spinal stenosis. On or about March 9, 2020, per Dr. Shin, Dr.

9 Baquero diagnosed Plaintiff with trapezius muscle spasm and cervical radiculopathy. Dr.

10 Baquero placed Plaintiff on FMLA leave as of March 10, 2020. Plaintiff's leave would last until

11 March 23, 2020, or longer depending on his medical procedure.

12    16.    On or about March 13, 2020, Plaintiff visited Dr. Mahajan, a pain management

13 specialist at the medical center. Dr. Mahajan spoke to Plaintiff about his options for addressing

14 his neck pain from an injection standpoint. Plaintiff agreed to do a cervical epidural steroid

15 injection after he experienced similar symptoms on his other shoulder that were improved with

16 the steroid injection. Dr. Mahajan recommended waiting until May 2020 to perform the cervical

epidural steroid injection procedure due to the high risk during the COVID-19 pandemic.

17    17.    Dr. Baquero and Dr. Mahajan agreed to keep Plaintiff on leave until May 29,

18 2020, or until Plaintiff received the procedure and was able to return to work.

19    18.    On or about March 23, 2020, Plaintiff was phoned by Defendants and informed

20 that he had been laid off while still out on FMLA.

21    19.    Plaintiff was left embarrassed, ashamed, emotionally hurt, and in financial

22 desperation for having been terminated simply because he was disabled and took a medical leave

23 of absence due to a disability stemming from a work related injury, even after over five (5) years

24 of loyal and outstanding service to Defendant.

25 //

26 //

27 //

28 //

**FIRST CAUSE OF ACTION**

**FAILURE TO REINSTATE IN VIOLATION OF**

**THE CALIFORNIA FAMILY RIGHTS ACT**

20.     Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

21.     At all times relevant to this action, Plaintiff was employed by Defendants.

22.     At all times relevant to this action, Plaintiff suffered from a serious health condition within the meaning of GOV'T CODE §§ 12945.2(c)(8), et seq.

23.     At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendants were employers who regularly employed fifty or more persons within the meaning of CAL. GOV'T CODE § 12945.2(b)-(c)(2).

24.     At all times relevant to this action, Plaintiff had more than 12 months of service with Defendants and had worked at least 1,250 hours for Defendants during the previous 12 months, and had taken less than 12 weeks of medical leave the past 12 month period within the meaning of CAL. GOV'T CODE §12945.2(a).

25.     Defendants unlawfully refused to reinstate Plaintiff from his medical leave for Plaintiff's serious health condition in violation of CAL. GOV'T CODE §§ 12945.2(a), 12945.2(t), and 12945.2(l). Instead, Defendants demoted and terminated Plaintiff.

26.     Defendants were substantially motivated to demote and terminate Plaintiff because of his serious health condition and medical leave of absence.

27.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

//

//

28.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

29.     As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

30.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

31.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by them as well by and through their officers, directors, and/or managing agents.


## SECOND CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT

32.     Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

33.     At all times relevant to this action, Plaintiff was employed by Defendant.

34.     At all times relevant to this action, Plaintiff suffered from a serious health condition within the meaning of GOV'T CODE §§ 12945.2(c)(8), et seq.

//

35.    At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendant was an employer who regularly employed fifty or more persons within the meaning of CAL. GOV'T CODE §12945.2(b)-(c)(2).

36.    At all times relevant to this action, Plaintiff had more than 12 months of service with Defendant, had worked at least 1,250 hours for Defendant during the previous 12 months, and had taken less than 12 weeks of leave the past 12 month period within the meaning of CAL. GOV'T CODE §12945.2(a).

37.    Defendant unlawfully discriminated against Plaintiff because of his serious health condition and medical leave of absence by terminating him in violation of CAL. GOV'T CODE §§ 12945.2(a), 12945.2(t), and 12945.2(l).

38.    Defendant's decision to terminate Plaintiff was substantially motivated by his serious health condition and medical leave of absence, as previously pled herein.

39.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

40.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

41.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

//

//

42.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as it willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive his of employment benefits. Accordingly, an award of punitive damages is warranted.

43.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## THIRD CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT

44.     Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

45.     At all times relevant to this action, Plaintiff was employed by Defendant.

46.     At all times relevant to this action, Plaintiff suffered from a serious health condition within the meaning of GOV'T CODE §§ 12945.2(c)(8), et seq.

47.     At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendant was an employer who regularly employed fifty or more persons within the meaning of CAL. GOV'T CODE §12945.2(b)-(c)(2).

48.     At all times relevant to this action, Plaintiff had more than 12 months of service with Defendant, had worked at least 1,250 hours for Defendant during the previous 12 months, and had taken less than 12 weeks of leave the past 12 month period within the meaning of CAL. GOV'T CODE §12945.2(a).

49.     Defendant unlawfully retaliated against Plaintiff because of his serious health condition and medical leave of absence by terminating him in violation of CAL. GOV'T CODE §§ 12945.2(a), 12945.2(t), and 12945.2(l).

50.     Defendant's decision to terminate Plaintiff was substantially motivated by his serious health condition and medical leave of absence.

51.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

52.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

53.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

54.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

55.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

///

///

# FOURTH CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF

## THE FAIR EMPLOYMENT AND HOUSING ACT

56.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

57.     At all times relevant to this action, Plaintiff was employed by Defendant.

58.     At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

59.     At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m) because of his disability and/or being regarded as disabled.

60.     At all times relevant to this action, Defendant unlawfully discriminated against Plaintiff, as previously alleged, on the basis of his disability and/or being regarded as disabled.

61.     Defendant was substantially motivated to terminate Plaintiff because of his disability and/or regarding him as disabled and associated medical leave of absence.

62.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

63.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

64.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has

1 | been ascertained.

2 |     65.    Plaintiff is informed and believes, and thereon alleges that the employees,
3 | officers, directors, and/or managing agents of Defendant acted with malice and oppression, as
4 | their unlawful acts were carried out with full knowledge of the extreme risk of injury involved,
5 | and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as
6 | they willfully concealed the fact that Plaintiff's employment rights were being violated, with the
7 | intent to deprive him of employment benefits. Accordingly, an award of punitive damages is
8 | warranted.

9 |     66.    Plaintiff is informed, and believes and thereon alleges that the actions of
10 | Defendant's employees, officers, directors, and/or managing agents were undertaken with the
11 | prior approval, consent, and authorization of Defendant and were subsequently authorized and
12 | ratified by it as well by and through its officers, directors, and/or managing agents.

13 | **FIFTH CAUSE OF ACTION**

14 | **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**
15 | **IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

16 |     67.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this
17 | Complaint, as though fully set forth herein.

18 |     68.    At all times relevant to this action, Plaintiff was employed by Defendant.

19 |     69.    At all times relevant to this action, Defendant was an employer who regularly
20 | employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

21 |     70.    At all times relevant to this action, Plaintiff was a member of a protected class
22 | within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m), because of Plaintiff's
23 | disability and/or being regarded as disabled.

24 |     71.    Defendant unlawfully failed to engage in a timely, good faith, interactive process
25 | with Plaintiff to determine effective reasonable accommodations despite the fact that it had
26 | actual and constructive knowledge of his disability, in violation of CAL. GOV'T CODE §§
27 | 12940(n) and 12926.1(e), as previously pled herein.
28 | //

72.     Defendant's failure to engage in a good faith interactive process with Plaintiff was substantially motivated by his disability and medical leave of absence as previously pled herein.

73.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

74.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

75.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

76.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

77.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

### SIXTH CAUSE OF ACTION

**FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**

**IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

78.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

79.    At all times relevant to this action, Plaintiff was employed by Defendant.

80.    At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

81.    At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m), 12926(r)(1)(A) because of Plaintiff's disability and/or being regarded as disabled.

82.    At all times relevant to this action, Defendant unlawfully failed to provide Plaintiff reasonable accommodations in violation of CAL. GOV'T CODE § 12940(m) despite the fact that it had actual and constructive knowledge of his disability and need for accommodations, and Plaintiff's actual and constructive requests for accommodations.

83.    Defendant's failure to accommodate Plaintiff was substantially motivated by his disability and medical leave of absence, as previously pled herein.

84.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

85.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

//

86.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

87.    Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

88.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

### SEVENTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

89.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

90.    At all times relevant to this action, Plaintiff was employed by Defendant.

91.    At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain from discriminating and retaliating against any employee on the basis of disability, regarding him/her as disabled, medical leave of absence, request for accommodation, and opposition to conduct related thereto.

92.    Defendant engaged in conduct that taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment.

93. Plaintiff's assertion of his rights under CAL. GOV'T CODE §12900 *et seq.* and opposition to unlawful conduct was a substantial motivating reason for Defendant's decision to retaliate against and terminate him. Defendant's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

94. At all times relevant to this action, Defendant unlawfully retaliated against Plaintiff, in violation of CAL. GOV'T CODE §§ 12940(h), 12940(m)(2), by terminating him.

95. Defendant's retaliatory termination of Plaintiff's employment was substantially motivated by his disability, regarding him/her as disabled, medical leave of absence, request for accommodation, and opposition to conduct related thereto, as previously pled herein.

96. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

97. As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

98. As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

//
//
//
//
//

99.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

100.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## **EIGHTH CAUSE OF ACTION**

### **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**
### **IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

101.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

102.    At all times relevant to this action, Plaintiff was employed by Defendant.

103.    At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

104.    At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m), because of Plaintiff's disability, regarding him/her as disabled, and medical leave of absence.

105.    At all times relevant to this action, Defendant unlawfully discriminated and retaliated against Plaintiff, as previously alleged, on the basis of disability, regarding him/her as disabled, medical leave of absence, request for accommodation, and opposition to conduct related thereto.

//

//

106. Defendant was substantially motivated to terminate Plaintiff on the basis of disability, regarding him/her as disabled, medical leave of absence, request for accommodation, and opposition to conduct related thereto, as previously pled herein.

107. Defendant failed to take reasonable steps to prevent the unlawful discrimination and retaliation during Plaintiff's employment, as previously pled, in violation of CAL. GOV'T CODE §12940(k), even when management level employees of Defendant became aware of the discriminatory and retaliatory conduct. Instead, Defendant terminated Plaintiff in bad faith.

108. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

109. As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

110. As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

111. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

112.   Plaintiff is informed, and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

### NINTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

113.   Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

114.   At all times relevant to this action, Plaintiff was employed by Defendant.

115.   At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain from terminating any employee on the basis of disability, regarding him/her as disabled, requests for reasonable accommodations, serious health condition, and/or medical leaves of absence as previously pled herein.

116.   Defendant's conduct as previously alleged was in retaliation for Plaintiff's assertion of rights under CAL. GOV'T CODE §§12900 *et seq.*

117.   Plaintiff's assertion of his rights under CAL. GOV'T CODE §§12900 *et seq.* was a substantial motivating reason for Defendant's decision to terminate Plaintiff. Defendant's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

118.   CAL. GOV'T CODE §§12900 *et seq.* evinces a policy that benefits society at large, was well-established at the time of Plaintiff's discharge, and is substantial and fundamental.

119.   Defendant's wrongful termination of Plaintiff's employment was substantially motivated by his disability, regarding him/her as disabled, requests for reasonable accommodations, serious health condition, and/or medical leaves of absence as previously pled herein.

//

//

//

1    120.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered and
2  continues to suffer losses in earnings and other benefits, and will for a period of time in the
3  future be unable to obtain gainful employment, as his ability to obtain such employment and
4  earning capacity have been diminished. The exact amount of such expenses and losses is
5  presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the
6  exact amount when it is ascertained.

7    121.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered
8  general damages, as he was psychologically injured. Such injuries have caused, and continue to
9  cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal
10  jurisdiction.

11    122.   As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of
12  time in the future, will be required to employ physicians and incur additional medical and
13  incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and
14  he will seek leave of Court to amend this Complaint to set forth the exact amount when it has
  been ascertained.

15    123.   Plaintiff is informed and believes, and thereon alleges that the employees,
16  officers, directors, and/or managing agents of Defendant acted with malice and oppression, as
17  their unlawful acts were carried out with full knowledge of the extreme risk of injury involved,
18  and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as
19  they willfully concealed the fact that Plaintiff's employment rights were being violated, with the
20  intent to deprive him of employment benefits. Accordingly, an award of punitive damages is
21  warranted.

22    124.   Plaintiff is informed, and believes and thereon alleges that the actions of
23  Defendant's employees, officers, directors, and/or managing agents were undertaken with the
24  prior approval, consent, and authorization of Defendant and were subsequently authorized and
25  ratified by it as well by and through its officers, directors, and/or managing agents.

26  //
27  //
  //
28

**PRAYER FOR RELIEF**

WHERFORE, Plaintiff FRANK SAITTA, prays for judgment against Defendant SIGNAL PERFECTION, LTD., and DOES 1 through 20, as follows:

1. Past and future general and special damages according to proof;

2. Pre-judgment interest, post-judgment interest, costs of suit and attorney's fees according to proof;

3. Injunctive relief compelling Defendant to reinstate Plaintiff to his previous position, prohibiting Defendant from engaging in similar unlawful conduct as complained of herein, and ordering Defendant to establish effective preventive mechanisms to ensure that the conduct complained of herein does not continue in the future;

4. Declaratory relief that Defendant's conduct as complained of herein was a violation of Plaintiff's rights;

5. Punitive damages; and

6. All other relief that the Court deems just and proper.

Dated: July 10, 2020                              **MANUKYAN LAW FIRM, APC.**


                                                  By: /s/ Edgar Manukyan
                                                  Edgar Manukyan, Esq.
                                                  Attorneys for Plaintiff,
                                                  FRANK SAITTA

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiff demands a trial by jury on all claims as provided by California law.

3

4  Dated: July 10, 2020                       **MANUKYAN LAW FIRM, APC.**

5

6                             By: /s/ Edgar Manukyan

7                            Edgar Manukyan, Esq.
Attorneys for Plaintiff,

8                            FRANK SAITTA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21



**NOTICE OF SERVICE OF PROCESS**

## Transmittal Number: 21799565
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Signal Perfection Ltd. |
| **Entity I.D. Number:** | 2182361 |
| **Entity Served:** | Signal Perfection, Ltd. |
| **Title of Action:** | Frank Saitta vs. Signal Perfection, Ltd |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Alameda County Superior Court, California |
| **Case/Reference No:** | HG20067619 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/23/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Edgar Manukyan
818-559-4444

**Primary Contact:**
Steve  Benjamin
Audio Visual Innovations

**Electronic copy provided to:**
John Zettel
Mark Tone

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

---

**251 Little Falls Drive, Wilmington, Delaware 19808-1674**
**(888) 690-2882  |  sop@cscglobal.com**